UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:22-cv-08584-MCS-JC | Date July 11, 2023 |
| Title *Alan E. Salzman et al. v. N. Light Specialty Ins. Co. et al.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF NO. 34) (JS-6)

Defendants North Light Specialty Insurance Co. and Allstate Insurance Co. move to dismiss the second amended complaint of Plaintiffs Alan E. and Tiara Salzman. (Mot., ECF No. 34.) Plaintiffs oppose the motion, and Defendants replied. (Opp'n, ECF No. 35; Reply, ECF No. 36.) The Court deems the motion appropriate for resolution without a hearing. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.   **BACKGROUND**

According to the second amended complaint, Plaintiffs purchased a policy with Defendants[1] to insure their home located in Santa Barbara, California, effective November 5, 2020. (SAC ¶ 6, ECF No. 33.) Plaintiffs agreed to renew the policy effective November 5, 2021, but Defendants "sen[t] Plaintiffs a notice of cancellation of the Policy . . . effective January 14, 2022." (*Id.*) Defendants' "stated

---

[1] While Plaintiffs allege only that "Defendants" issued the insurance policy and thereafter expressed an intent to cancel, Plaintiffs fail to differentiate North Light's conduct from Allstate's. (*See generally* SAC.) Given Plaintiffs' ambiguous pleading, the Court defaults to using the term "Defendants" throughout this Order.

reason for cancellation . . . was 'a substantial change in material risk assumed.'" (*Id.* ¶ 7.) Plaintiffs reject Defendants' assessment, alleging that "there was no recent substantial or material change in the valuation of" their property. (*Id.*) Upon receiving notification of cancellation, Plaintiffs were able to secure a rescission of the cancellation notice on January 13, 2022, one day before the cancellation would have taken effect. (*Id.* ¶ 9.) However, Defendants maintain that they may unilaterally cancel Plaintiffs' insurance policy at any time. (*Id.* ¶ 10.)

Based on these allegations, Plaintiffs now bring a single claim for breach of the implied covenant of good faith and fair dealing, asserting that Defendants' position that they can unilaterally cancel the policy "eviscerates Plaintiffs' entitlement to security and quiet enjoyment of their Policy." (*Id.*) Plaintiffs filed their second amended complaint after the Court dismissed all claims of the first amended complaint with leave to amend. (Order Re: MTD FAC, ECF No. 31.) Relevant to here, the Court dismissed the bad faith claim on the basis that the first amended complaint failed to "identify which policy benefit Defendants withheld or what expectation, let alone a reasonable one, Defendants disappointed" by asserting "that they can unilaterally cancel the policy." (*Id.* at 3–4.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

A covenant of good faith and fair dealing is implied in every contract and "provid[es] that no party to the contract will do anything that would deprive another party of the benefits of the contract." *Digerati Holdings, LLC v. Young Money Ent., LLC*, 194 Cal. App. 4th 873, 885 (2011). "[T]here are at least two separate requirements to establish breach of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990).

"The primary test is whether the insurer withheld payment of an insured's claim unreasonably and in bad faith." *Id.* "Where benefits are withheld for proper cause, there is no breach of the implied covenant." *Id.* An insurer's conduct is unreasonable where it committed "a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). While reasonableness is ordinarily a fact question, "it becomes a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence." *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001).

Plaintiffs have failed to cure the pleading defects the Court identified in the first amended complaint. (Order Re: MTD FAC 3–4.) Plaintiffs continue to assert a bad faith claim premised on Defendants' "position that they may at any time cancel Plaintiffs' policy." (SAC ¶ 10.) Even if a unilateral cancellation of the policy would be "illegal and in derogation of the Policy and California law," (*id.*), Defendants have not yet taken such action. Defendants gave notice of cancellation of the policy, yet that cancellation was never affected. (*Id.* ¶¶ 7, 9.) Plaintiffs never lost any coverage or were denied any insurance claim that might constitute a withholding of benefits under the policy, which is fatal to their bad faith claim. *Progressive W. Ins. Co. v. Superior Ct.*, 135 Cal. App. 4th 263, 279 (2005) ("Because the essence of the tort of the implied covenant of good faith and fair dealing is focused on the prompt payment of benefits due under the insurance policy, there is no cause of action for breach of the covenant of good faith and fair dealing when no benefits are due.").

Plaintiffs now argue that "the core wrong is that as a result of Defendants' express written position, Plaintiffs do not have the peace of mind they bargained

for." (Opp'n 2 (cleaned up); *see also* SAC ¶ 10 ("[Defendants' position] . . . eviscerates Plaintiffs' entitlement to security and quiet enjoyment of their Policy as written.").) Even if "security and peace of mind" are assurances built into any insurance policy, an insurer's obligations of good faith and fair dealing are tethered to the prompt processing and paying of claims. *Progressive W. Ins.*, 135 Cal. App. at 277 (internal quotation marks omitted). Here, Defendants have not unilaterally cancelled the policy; they simply assert the ability to do so in the future. (SAC ¶ 11.) Perhaps Plaintiffs may have a claim if—and when—Defendants "*deny coverage* based on either unduly restrictive policy interpretations or standards known to be improper," *Progressive W. Ins.*, 135 Cal. App. at 277 (emphasis added) (internal quotation marks omitted), but that time has not yet come.

Generally, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Plaintiffs have been afforded multiple opportunities to amend their bad faith claim, yet they continue to rely on an incognizable theory of liability. The Court finds that further amendment would be futile. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809–10 (9th Cir. 1988).

## IV.   CONCLUSION

Defendants' motion is granted, and Plaintiffs' second amended complaint is dismissed without leave to amend. The Court directs the Clerk to enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**